UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SANDRA J. STATEN, | ) |
| Plaintiff, | ) )  ) |
| v. | )  )  Case No.: 2:20-cv-1178-AMM |
| D. R. HORTON, INC., | )  )  ) |
| Defendant. | )  ) |

## ORDER

This case is before the court on Defendant D. R. Horton, Inc.'s ("DRH") Motion to Dismiss Plaintiff's Amended Complaint and Motion to Strike. Doc. 35. For the following reasons, DRH's motion to dismiss is **GRANTED**. The motion to strike is **DENIED AS MOOT**.

### I.   BACKGROUND

The facts underlying this action begin in 2015 when Ms. Staten and her husband "executed a purchase agreement to buy [a] home from DRH." *Staten v. D.R. Horton, Inc.-Birmingham*, No. 2:17-cv-00376-SGC, 2018 WL 3418168, at *1 (N.D. Ala. July 13, 2018) ("*Staten I*"). "The purchase agreement was conditioned on the Statens obtaining a loan in the principal amount of the purchase price." *Id*. After "the Statens were unable to obtain financing as required by the purchase agreement, DRH

sent them a letter with a termination and release agreement . . . and eventually sold the home to a[n] . . . individual who qualified for financing." *Id.* at *2.

"Although DRH had the right to keep the earnest money as liquidated damages under the purchase agreement," DRH returned the earnest money to Ms. Staten. *Id.* at *5 n.8. DRH's alleged failure to return Ms. Staten's earnest money is the basis of this action.

DRH removed this action, invoking the court's diversity jurisdiction. Doc. 1; *see also* Doc. 14. On April 22, 2022, DRH filed its first motion to dismiss Ms. Staten's claims. Doc. 15. The court granted Ms. Staten an opportunity to replead and denied DRH's motion to dismiss as moot. Doc. 32. The court's order advised Ms. Staten that she "must comply with the court's instructions on repleading her complaint." *Id.* at 13; *see also id.* at 9–12.

In relevant part, construed in the light most favorable to Ms. Staten, the amended complaint alleges as follows:

DRH issued Ms. Staten a check "in the amount of $2,099.00." Doc. 33 ¶ 7 (emphasis omitted). "When [Ms. Staten] received the check," it was "past the void after date," and Ms. Staten "informed [DRH] of [its] need to reissue the check." *Id.* ¶ 8. DRH informed Ms. Staten "that she would be allowed to still cash the check," so she "deposited [the check] into her personal checking account." *Id.* ¶¶ 11–12.

Two days later, Ms. Staten received a "statement from her Bank, which indicated she had deposited a 'Stale Dated'" check. *Id.* ¶ 13. According to Ms. Staten, the check issued by DRH "was not honored . . . as promised," *id.*, and Ms. Staten and counsel for DRH were unable to "rectify this matter," *id.* ¶¶ 14–16.

The complaint asserts claims in three counts: fraudulent intent (Count I), bad faith (Count II), and unjust enrichment (Count III). Count I alleges that DRH mailed the check to the wrong address and DRH "with [f]raudulent [i]ntent advi[s]e[d] [Ms. Staten] that she could deposit the check and that they would allow it to clear." *Id.* ¶¶ 24–26. Count II alleges that DRH, "in [b]ad [f]aith, pretend[ed] to accept the arrangement to reissue the check, but later, in bad faith, decided to allow [Ms. Staten] to deposit the . . . check with a promise to allow it to clear . . . which was not honored." *Id.* ¶ 33. Ms. Staten further alleges that DRH acted in bad faith when trying to "rectify this matter." *Id.* ¶¶ 34–35. Count III alleges that DRH is "guilty of [u]njust [e]nrichment" because DRH represented that it "intend[ed] to clear up the check" but such representations "never . . . c[a]me to fruition." *Id.* ¶¶ 36–38.

Ms. Staten "demands interest and punitive damages to be levied against [DRH] in accordance to the 100times (X's) the original amount of the contractual check . . . which has been withheld for greater than four (4) years." *Id.* ¶ 23. In total, Ms. Staten seeks "not less than . . . $2,099,000.00[.]" *Id.*

3

## II.  LEGAL STANDARD

A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint need not make "detailed factual allegations"; its purpose is only to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). To survive a motion to dismiss, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* To test the complaint, the court discards any "conclusory allegations," takes the facts alleged as true, *McCullough v. Finley*, 907 F.3d 1324, 1333 (11th Cir. 2018), and "draw[s] all reasonable inferences in the plaintiff's favor," *Randall v. Scott*, 610 F.3d 701, 705 (11th Cir. 2010). These facts and inferences must amount to a "plausible" claim for relief, a standard that "requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

## III.  ANALYSIS

### A. Motion to Dismiss

DRH asserts that it is entitled to a dismissal of Ms. Staten's claims for four reasons. *First*, DRH alleges that Ms. Staten has not "plead[ed] her fraud claim with the required specificity" under Federal Rule of Civil Procedure 9(b). Doc. 33 at 7–

16 (emphasis omitted). *Second*, DRH asserts that Ms. Staten's bad faith claim "is due to be dismissed because Alabama law does not recognize an independent cause of action for 'bad faith' under these circumstances." *Id.* at 16–20. *Third*, DRH alleges that Ms. Staten has "failed to allege any facts to support a claim for unjust enrichment." *Id.* at 20–23. *Fourth*, DRH asserts that Ms. Staten's claims are "barred by the doctrines of *res judicata* and/or collateral estoppel." *Id.* at 24–29.

Ms. Staten timely filed a forty-five-page *pro se* response. Doc. 38. Much of Ms. Staten's response is irrelevant, contains inapplicable principles of law, or is otherwise unresponsive to DRH's motion to dismiss. *See*, *e.g.*, *id.* at 11–12, 15, 26–32. This court "read[s] liberally briefs filed by *pro se* litigants," *Watkins v. Sullivan*, No. 21-12396, 2022 WL 10792955, at *1 n.1 (11th Cir. Oct. 19, 2022), and finds that Ms. Staten responds to DRH's motion to dismiss as follows: *First*, Ms. Staten alleges that she has provided sufficient facts to demonstrate that "the four elements of fraud . . . ha[ve] been met." Doc. 38. at 14–20 (cleaned up). *Second*, Ms. Staten alleges that bad faith "can apply to many situations, including contract and settlement negotiations." *Id.* at 20–26. *Third*, Ms. Staten asserts that DRH was unjustly enriched because it "failed to follow through with [its] promises, even after the check had been dishonored" and that "[u]npaid recipients may demand payment." *Id.* at 26–37. *Fourth*, Ms. Staten alleges that res judicata/collateral

5

estoppel do not apply because the prior actions involving these parties were filed under different provisions of law and requested different relief. *Id.* at 37–40.

Federal Rule of Civil Procedure 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "Rule 9(b) is satisfied if the complaint sets forth (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud." *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001) (cleaned up).

Ms. Staten's claim for "fraudulent intent" incorporates the factual allegations of paragraphs 5–9, 11–12, 14, and 17 of her amended complaint as the factual basis for the claim. *See* Doc. 33 ¶¶ 24–31. Ms. Staten asserts that DRH acted with "[f]raudulent[] [i]ntent" when it issued the check "to a different address," "advi[s]e[d] [Ms. Staten] that she could deposit the check," "express[ed] . . . intent to deliver the money[]" owed to Ms. Staten, "lead [Ms. Staten] o[n] as though they were considering reissuing the check," "informed [Ms. Staten] that they were not aware of the mistake in addresses[] but would issue another check," and "pretend[ed] to . . . reissue the check, but . . . decided to allow [Ms. Staten] to deposit the original

6

check." *Id*. Ms. Staten makes no allegation about the person who allegedly told her that "she would be allowed to still cash the check" nor any allegation about where that statement was allegedly made. *See id*. ¶ 11. Ms. Staten also makes no allegations about what DRH "obtained as a consequence of the fraud." *Ziemba*, 256 F.3d at 1202. Accordingly, Ms. Staten has failed to plead her "fraudulent intent" claim in conformity with Rule 9(b), and that claim is **DISMISSED**.

Count II alleges that DRH acted in "[b]ad [f]aith" when it "pretend[ed] to accept her agreement with them for [re]solving the check issue," "allow[ing] [Ms. Staten] to deposit the original check with a promise to allow it to clear," and in other conduct as the parties sought to "rectify this matter." Doc. 33 ¶¶ 32–35. Although Ms. Staten asserts that bad faith "can apply to many situations," Doc. 38 at 20, she provides no caselaw in response to DRH's contention that "Alabama law does not recognize an independent cause of action for 'bad faith' under these circumstances," Doc. 35 at 16. *See generally* Doc. 38 at 20–26. Under Alabama law, the tort of bad faith is limited to an insurance company's "intentional refusal to pay the insured's claim" in "the absence of any reasonably legitimate or arguable reason for that refusal." *E.g.*, *Nucor Steel Tuscaloosa, Inc. v. Zurich Am. Ins. Co.*, 343 So. 3d 458, 474 (Ala. 2021). Because Ms. Staten alleges that DRH's bad faith occurred outside the context of insurer's "denial of coverage," *id*., she has not stated a claim recognized by Alabama law. Accordingly, her bad faith claim is **DISMISSED**.

Count III alleges that DRH "is guilty of [u]njust [e]nrichment" because DRH represented that it "intend[ed] to clear up the check" and such representations "never . . . c[a]me to fruition." Doc. 33 ¶ 36. Ms. Staten alleges that DRH's unjust enrichment is "reflected . . . through multiple acts of false hopes" and DRH's "continuous and extreme measures . . . after enticing [Ms. Staten] to agree to settle for this [s]tale [c]heck on several occasions." *Id.* ¶¶ 37–38. DRH alleges that Ms. Staten "has failed to allege any facts to support a claim for unjust enrichment." Doc. 35 at 20.

"To prevail on a claim of unjust enrichment under Alabama law, a plaintiff must show that: (1) the defendant knowingly accepted and retained a benefit, (2) provided by another, (3) who has a reasonable expectation of compensation." *Portofino Seaport Vill., LLC v. Welch*, 4 So. 3d 1095, 1098 (Ala. 2008). Ms. Staten's allegations, all taken as true, do not establish these essential elements. Accordingly, Ms. Staten has not stated a claim for unjust enrichment under Alabama law and Count III is **DISMISSED**.

Separately, even if Ms. Staten had stated viable claims for fraud, bad faith, or unjust enrichment under Alabama law, the doctrine of *res judicata* bars the litigation of Ms. Staten's claims. "Federal courts apply the law of the state in which they sit with respect to the doctrine of *res judicata*." *N.A.A.C.P. v. Hunt*, 891 F.2d 1555, 1560 (11th Cir. 1990). "Under Alabama law, the essential elements of *res judicata*

are: (1) a prior judgment on the merits, (2) rendered by a court of competent jurisdiction, (3) with substantial identity of the parties, and (4) with the same cause of action presented in both suits." *Id.* (cleaned up); *accord Ex parte Webber*, 157 So. 3d 887, 892 (Ala. 2014). "If those four elements are present, then any claim that was, or that could have been, adjudicated in the prior action is barred from further litigation." *Equity Res. Mgmt., Inc. v. Vinson*, 723 So. 2d 634, 636 (Ala. 1998).

Ms. Staten filed two prior cases against DRH. *See Staten I*, 2018 WL 3418168; *see also Staten v. D.R. Horton, Inc.*, No. 20-cv-10410, 2020 WL 1333414 (E.D. Mich. Mar. 23, 2020), *reconsideration denied*, No. 20-cv-10410, 2020 WL 3410770 (E.D. Mich. June 22, 2020) ("*Staten II*"). In *Staten I*, Ms. Staten alleged that DRH breached a contract between the parties "by refusing to sell [a] home to [her and her husband]." *Staten I*, 2018 WL 3418168, at *3. "In . . . response to [DRH's motion for] summary judgment, [Ms. Staten] argue[d] for the first time that DRH breached the agreement by failing to return [the Statens'] earnest money." *Id.* at *5 n.8. The court determined that "DRH had the right to keep the earnest money as liquidated damages under the [contract]" and granted summary judgment to DRH "on all the claims asserted in [the] complaint." *Id.* at *5 & n.8.

In *Staten II*, Ms. Staten filed a complaint against DRH for "interest on earnest money paid by the Statens pursuant to a contract" because "[DRH] . . . did not make good on a debt that [it] knew . . . that [it] owe[d] [Ms. Staten]." 2020 WL 1333414,

9

at *2 (cleaned up). The court determined that *res judicata* barred Ms. Staten's claims for interest on the earnest money associated with the $2,099.00 check because "any claim to interest would be pursuant to a breach of contract claim" and the *Staten I* court determined that DRH "was entitled to keep [the money] as liquidated damages per the purchase agreement." *Id.* at *3 (citing *Staten I*, 2018 WL 3418168, at *5). The *Staten II* court further held that "even if the interest claim was not actually litigated, it should have been litigated in [*Staten I*]," and therefore, the interest claim was barred by *res judicata*. *Id.* at *3–*4 (emphasis omitted). The court then dismissed Ms. Staten's claims as frivolous and for failure to state a claim upon which relief may be granted. *Id.* at *4.

The parties do not appear to dispute that the first three elements of *res judicata* are present. *Compare* Doc. 35 at 25–26; Doc. 39 at 18, *with* Doc. 38 at 37 ("The real issue is what is the cause or causes of action involved in the disputes between the parties in both cases."). Ms. Staten alleges that *res judicata* does not bar her claims because they were presented under different theories of liability and sought different forms of relief. Doc. 38 at 37.

Alabama law is "very clear that the determinative inquiry" regarding whether *res judicata* applies "is whether the claims in both actions arise out of, and are subject to proof by, the same evidence." *Equity Res. Mgmt., Inc.*, 723 So. 2d at 637. "Difference in the proof of damages is not a ground for distinguishing the issues in

each case." *Id*. As discussed in *Staten II*, it is not clear whether Ms. Staten's claims in this action were "actually litigated" in *Staten I*. *See Staten II*, 2020 WL 1333414, at \*3. But "even if [these claims] w[ere] not actually litigated, [Ms. Staten's claims] should have been litigated" in the prior two actions. *Id*. (emphasis omitted). Accordingly, Ms. Staten's claims are barred by *res judicata*, and her claims are **DISMISSED** on that separate and independent basis.

### B. Motion to Strike

DRH also moves the court to "strike [Ms. Staten's] references to irrelevant and inadmissible evidence of settlement communications pursuant to Fed. R. Civ. P. 12(f) and Fed. R. Evid. 402 and 408." Doc. 35 at 32; *see also id*. at 18, 21–23. Because the court did not consider the contents of these alleged settlement communications when ruling on this motion, DRH's motion to strike references to settlement communications is **DENIED AS MOOT**.

### IV. CONCLUSION

DRH's motion to dismiss is **GRANTED**. The motion to strike is **DENIED AS MOOT**. The Clerk of the Court is **DIRECTED** to close the case. The clerk is **FURTHER DIRECTED** to mail a copy of this order to Ms. Staten at:

   Sandra J. Staten
   519 Chapel Creek Court
   Fultondale, AL 35068

**DONE** and **ORDERED** this 10th day of November, 2022.

_____
**ANNA M. MANASCO**
UNITED STATES DISTRICT JUDGE